980 F.2d 732
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. WAINIO; Freda T. Wainio, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1634.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1992.
 
 1
 Before RALPH B. GUY, JR. and RYAN, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Robert J. Wainio and Freda T. Wainio appeal through counsel the decision of the Tax Court affirming the determination by the Commissioner of Internal Revenue of a deficiency in their taxes for the year 1984 and the assessment of additions to tax and increased interest. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 3
 Mr. and Mrs. Wainio invested in Structured Shelters, Inc., at the urging of Thomas A. Graham. They also relied on Mr. Graham to prepare their tax return for the year 1984, in which substantial losses as a result of the investment were claimed. The respondent Commissioner determined that the investment was a sham and disallowed the losses, resulting in a deficiency. Additions to tax also were assessed pursuant to § 6653(a) of the Internal Revenue Code of 1954 for negligence, and § 1661 for an understatement of tax. Finally, an increased interest rate was applied under § 6621(c) because the transaction was tax motivated. The Wainios appealed to the Tax Court, which affirmed the Commissioner's determination in all respects.
 
 
 4
 On appeal, the taxpayers stipulate, as they did in the Tax Court, that in retrospect the transaction lacked economic substance. However, they argue that at the time of making the investment they expected it to return a profit, and that they therefore should be permitted to deduct their out-of-pocket expenses under § 165(c)(2). They also argue that they are being held to too high of a standard in the finding that they were guilty of negligence and an understatement of tax, and that they should not be assessed increased interest because their investment was originally motivated by profit. The case was held in abeyance pending the decision in Illes v. Commissioner, No. 91-2412 (6th Cir. Sept. 21, 1992) (per curiam) (unpublished), which involved the same counsel, tax shelter, and issues.[1]
 
 
 5
 Upon review, it is concluded that the Tax Court correctly upheld the Commissioner's determination of a deficiency, additions to tax, and an increased interest rate. Petitioners' stipulation that the transaction lacked economic substance renders inquiry into their motivation unnecessary. See Bryant v. Commissioner, 928 F.2d 745, 748 (6th Cir.1991). Therefore, the deductions were correctly disallowed under § 165(c)(2). The Tax Court's finding of negligence in this case is not clearly erroneous. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir.1992). This case is distinguishable from Heasley v. Commissioner, 902 F.2d 380 (5th Cir.1990), because the taxpayers did not consult an accountant before filing their return but relied solely on the advice of Mr. Graham, in spite of knowing that he received a commission on their investment. For the same reasons, the Commissioner did not abuse his discretion in failing to waive the addition to tax under § 1661 for a substantial understatement of tax. See Heasley, 902 F.2d at 385. Finally, an increased interest rate was properly applied under § 6621(c) based on petitioners' concession that the transaction was a sham and therefore by definition tax motivated. See Kennedy v. Commissioner, 876 F.2d 1251, 1256 (6th Cir.1989).
 
 
 6
 Accordingly, the decision of the Tax Court is affirmed under Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Since Illes was an unpublished decision, it is not a binding precedent. We note, however, that it resolved all of the issues present here against the taxpayers